IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

PHIL PEZZUTO, )
 )
          **Plaintiff,** )
 )
v. ) Case No. 10-CV-068-JHP
 )
PREMIER HOSPITALITY )
MANAGEMENT, INC. and )
KRN ENTERPRISES, INC., )
 )
          **Defendant.** )

## ORDER

Before the Court are Plaintiff's Motions to the Strike Affirmative Defenses or Alternative Motion for Judgment on the Pleadings as to Affirmative Defenses of Defendants KRN and Premier Hospitality Management [Doc. Nos. 17 and 18], Defendants' Responses in Opposition [Doc. Nos. 20 and 21] and Plaintiff's Replies [Doc. Nos. 23 and 24]. For reasons set forth below Plaintiff's Motions to Strike Defendants' affirmative defenses or in the alternative, for a judgment on the pleadings as to the affirmative defenses are **DENIED**.

Plaintiff, Phil Pezzuto filed the pending motions asking this Court to strike the Defendants' affirmative defenses for failure to comply with the pleading requirements of Fed.R.Civ.P. 8(a)(2). In the alternative, the Plaintiff seeks a judgment on the pleadings as to the Defendants' affirmative defenses. Pursuant to Federal Rule of Civil Procedure 12(f) "the court may strike from a pleading an insufficient defense or any redundant, immaterial, or scandalous matter."

The Plaintiff contends that the Rule 8(a)(2) requirement that a "short and plain statement of the claim" be given also applies to affirmative defenses. The Plaintiff requests this Court adopt this pleading standard as to affirmative defenses. The Defendants argue that the Fed.R.Civ.P. 8(c) only

1

requires a Defendant to "affirmatively state any avoidance of affirmative defense" in an answer or responsive pleading.

The parties provide this Court with various district court decisions seemingly split on this matter. Although the Tenth Circuit has not addressed this issue directly, this Court finds it has provided some guidance in what it deems to be sufficient notice that an affirmative defense has been properly pled. In *Marino v. Otis Eng'g Corp.*, 839 F.2d 1404, 1408 (10th Cir. 1988), the Tenth Circuit stated that "[t]he purpose behind rule 8(c), that of putting 'plaintiff on notice well in advance of trial that defendant intends to present a defense in the nature of an avoidance," was served when the Defendant advised the Plaintiff "at least three months prior to trial" that it intended to raise "the notching issue as an affirmative defense." *Id*. The issue had been raised repeatedly in depositions, therefore, the Court found Plaintiff would not have been prejudiced by the addition of the affirmative defense.

The District Court for the Western District of Oklahoma addressed a similar challenge in *Schlottman v. Unit Drilling Co., L.L.C.*, 2009 WL 1764855 (W.D. Okla. June 18, 2009). In *Schlottman*, the Hon. Robin Cauthron, held,

> Assuming, without deciding, that affirmative defenses must be pleaded in conformance with the guidelines set forth in *Bell Atlantic Corp. v.. Twombly*, 550 U.S. 544 (2007), the Court finds Defendants' pleading sufficient. In determining the sufficiency of a responsive pleading, it must be compared and considered in connection with the complaint itself. It is likely that an answer, with or without affirmative defenses, will contain fewer factual assertions than a complaint and still be sufficient. Plaintiffs often are forced to plead generalities because of lack of information and/or because necessary information is in the possession of defendants and cannot be obtained prior to discovery. Thus, the standards for pleading a claim are necessarily liberal. What is primary is that the complaint "show[ ] that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).
> This pleading requirement serves two purposes. First, it ensures that

2

> defendants know the actual grounds of the claim against them, and can therefore prepare a defense. Second, it avoids ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim. *Bryson v. Gonzales*, 534 F.3d 1282, 1287 (10th Cir.2008) (internal citation and quotation marks omitted). Applying these principles to the challenged defenses, the Court finds that although very basic, the allegations meet the standard.

Although this Court recognizes that the *Schlottman* decision is not controlling authority, this Court finds it to be well reasoned and persuasive. This Court agrees with the *Schlottman* Court that by the very nature of bare allegations contained in the Complaint, the Answer and asserted defenses will often be pled in generalities. Without deciding the issue, if this Court were to impose the requirements set forth in Rule 8(a)(2) and *Bell Atlantic Corp. v.. Twombly*, 550 U.S. 544 (2007) to the Defendants' affirmative defenses, when the Defendants' Answers are read in conjunction with the Plaintiff's Complaint, this Court finds the Answers are sufficient to satisfy this pleading standard. The Answers and asserted defenses of both Defendants are sufficient to place the Plaintiff on notice of the defenses they intend to allege.

The Plaintiff also asks this Court for a ruling on the sufficiency of the affirmative defenses pursuant to Fed.R.Civ.P. 12(c)[1]. This Court has reviewed the party's briefs regarding this matter as well as the Defendants' Answers on file in this litigation, and finds that the affirmative defenses have been pled in good faith and each have a grounding in law and fact sufficient to overcome a challenge under Rule 12(c).

For the foregoing reasons, the Plaintiff's Motions to the Strike Affirmative Defenses or Alternative Motion for Judgment on the Pleadings as to Affirmative Defenses of Defendants KRN

---

[1] Rule 12(c) allows "a party to move for judgment on the pleadings."

and Premier Hospitality Management [Doc. Nos. 17 and 18] are hereby **DENIED**.

**IT IS SO ORDERED** this 14th day of July, 2010.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma